FILED
 2008 Jan-28 PM 02:24
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **NICOLE ZUCCALA,** | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. CV 07-B-1438-S |
| **THE WACKENHUT CORPORATION,** | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The case is currently pending before the court on the parties' Joint Stipulation of Dismissal, (doc. 14), and Joint Petition for Settlement Approval and for Entry of Final Judgment, (doc. 15). For the reasons set forth below, the court finds that the joint petition is due to be granted, and that all claims in the case are due to be dismissed.

The complaint presents two counts (Counts V and VI) involving the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, specifically claims for back pay and for an opt-in collective action, and four counts (Counts I–IV) that are unrelated to the FLSA. The parties' joint stipulation of dismissal refers only to the non-FLSA claims, stipulating that those claims should be dismissed with prejudice, costs taxed as paid. (Doc. 14 at 1.) The parties' joint petition for settlement approval pertains to the FLSA claims and provides additional information to the court about the settlement, requesting that the settlement be approved and that all claims be dismissed, with prejudice, costs taxed as paid. (Doc. 15 at ¶ 4.)

Because of the inequalities in bargaining power between employers and employees, settlements of claims for back pay brought by an employee pursuant to the FLSA are permissible in only two contexts: with payments supervised by the Department of Labor, or with "a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employee[ ], in a suit brought by the employee[ ] under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *cf. Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 714 (1945), *reh'g denied*, 325 U.S. 893 (1945) (declining to decide the validity of agreements between an employer and employee to settle claims arising under the FLSA where the settlements are the result of bona fide disputes). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003) (quoting *Lynn's Food Stores*, 679 F.2d at 1354) (concluding that the settlement before the court was a fair and reasonable resolution of bona fide disputes over FLSA provisions).

The parties have not submitted their entire settlement agreement to the court, but they have included key terms of the settlement, such as the nature of the disputed claims and the amount of proposed compensation, in their joint petition. (Doc. 15 at ¶ 3.)  In

particular, the parties assert that the defendant has denied and continues to deny any failure to compensate the plaintiff for certain "off-the-clock" work, a claim arising under 29 U.S.C. § 216(b).  (*Id.*)  Based upon the parties' representations, the court finds that the proposed compensation is a fair and reasonable resolution of the parties' bona fide dispute.

An Order granting the parties' Joint Petition for Settlement Approval and for Entry of Final Judgment, (doc. 15), and dismissing all claims with prejudice, will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 28th day of January, 2008.

*[Signature: Sharon Lovelace Blackburn]*

SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE